MacNABB v. PORTER AIR–LIGHTER CO. et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. CORPORATIONS—ACTIONS FOR PRESERVATION OF ASSETS—PARTIES.
    Under Code, § 1810, subd. 3, enabling a stockholder of a corporation to bring an action for the preservation of its assets where there is no officer empowered to hold the same, a secretary of a foreign corporation, being a stockholder, may bring an action to preserve its assets in the state, where its officers have been enjoined in the state of its organization from carrying on its business.

2. SAME—NOTICE TO ATTORNEY GENERAL.
    Laws 1883, c. 378, requiring notice to the attorney general before entry of an order appointing a temporary receiver of a corporation and a judgment of sequestration, applies only to domestic corporations.

3. SAME—RECEIVERS—OBJECTIONS.
    An objection to irregularities in a judgment appointing a temporary receiver of a corporation comes too late when first made after the judgment had been superseded by a judgment appointing a permanent receiver.

4. SAME—MOTION TO SET ASIDE JUDGMENT.
    A motion by a creditor of a dissolved corporation to set aside a judgment sequestering the corporation's property for irregularities comes too late when made two years after the entry of the judgment, where the judgment was not void.

5. SAME—JURISDICTION OF COURT.
    In an action by a stockholder of a foreign corporation, under Laws 1883, c. 378, for the preservation of its assets in the state, where no officer has power to hold them, the court has jurisdiction to render a judgment sequestering the corporation's property, and to appoint a receiver therefor.

Appeal from special term, New York county.

Action by William H. MacNabb against the Porter Air-Lighter Company to preserve defendant's assets pending a suit in another state for its dissolution. From an order sequestrating defendant's property and appointing Theodore L. Herrmann as a receiver, Edward C. Ffoulkes appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

G. C. Lay, for appellant.
Moses Weinman, for respondents.

VAN BRUNT, P. J. The Porter Air-Lighter Company was a foreign corporation organized under the laws of Maine, carrying on business in the state of New York, having its actual business office in the city of New York, where its factory was located, and where its assets and property were situated. On the 27th of March, 1897, William H. MacNabb, secretary of the Porter Air-Lighter Company, brought a suit in equity in the state of Maine for the dissolution of said company under the laws of that state. A temporary receiver was appointed, and an injunction granted restraining the officers of the company from carrying on its business, from exercising any of the franchises of the corporation, from collecting or receiving any debts, or from paying out, selling, assigning, or transferring any assets, moneys, lands, tenements, or funds of said company. On the 29th

of March, 1897, said MacNabb, being the secretary and treasurer and a stockholder of said company, commenced an action in this state to preserve the assets of the defendant company, the latter having no officer empowered to hold such assets, and all the assets of the corporation except certain licenses and rights under contract being located in the state of New York. The corporation appeared in the action by John T. Easton as attorney for the defendant. In that action one Theodore L. Herrmann was appointed temporary receiver of the property and estate of the corporation within the state of New York. On the 4th of May, 1897, in the action in Maine, a decree was entered dissolving the corporation, and appointing a permanent receiver. On the 5th of May, 1897, a judgment was entered in New York directing a distribution of the assets of the corporation among its creditors and stockholders, and appointing said Herrmann as permanent receiver. Herrmann qualified, and is now acting as such receiver. On the 19th of May, 1897, the appellant filed his claim against the estate, which was rejected by the receiver. Various negotiations were had in respect to the claim of the appellant, and finally, two years after the entry of the judgment, this motion was made to set the same aside. It is claimed upon the part of the appellant: First. That the court had no jurisdiction to appoint a temporary receiver, and to enter a judgment of sequestration, upon the complaint of a stockholder, who was also secretary and treasurer of the company, under section 1810 of the Code. Second. That the court had no jurisdiction, the suit being brought by a nonresident of the state against a foreign corporation, under section 1780 of the Code, no cause of action arising, within the state of New York, in favor of an officer of a corporation charged with the duty of preserving its assets. Third. That the order appointing a temporary receiver and the judgment of sequestration were void, because entered without notice to the attorney general, as required by chapter 378 of the Laws of 1883. Fourth. That the court had no jurisdiction to appoint a temporary receiver, because no notice was given to a proper officer of the corporation, under the last clause of section 1810 of the Code. Fifth. That the judgment sequestrating the property and appointing a permanent receiver was void without proof of default in pleading, without proof of service of notice of application for judgment, and without proof of the facts alleged in the complaint, either by reference or writ of inquiry for the purpose of enabling the court to render a judgment under sections 1214 to 1216 of the Code.

It would seem that the first and second objections to the validity of the judgment are answered by a reference to section 1810 of the Code, for the reason that it is expressly provided by the third subdivision of that section that such an action may be brought by a stockholder to preserve the assets of a corporation having no officer empowered to hold the same. The fact that a stockholder is also an officer of the company does not seem to take away the rights which the section conferred upon him as a stockholder. By the proceedings in Maine the officers of the corporation were prevented from administering the assets of the corporation, and it was necessary that

a receiver should be appointed in this state, in order that they might be preserved, and equally distributed among his creditors.

The objection that the proceeding is void because no notice was given to the attorney general is not well taken, because it is apparent that the provisions of chapter 378 of the Laws of 1883, relating to this subject, apply only to domestic corporations. As far as the appointment of the temporary receiver is concerned, that has been superseded by the judgment now sought to be set aside, and it is too late to question its regularity. A receiver has been appointed in pursuance of a final judgment, which was entered upon appearance of the corporation.

The objection as to the regularity of the proceeding seems to have been made too late. In any event, the recitals in the judgment, until impeached by positive proof or evidence of fraud, show that the court had jurisdiction to make a decree in the manner in which it did. The appellant having delayed for so long a period in taking measures to set aside this judgment after having endeavored to secure rights under it, it is manifest that, unless the same is absolutely void, the court should not set it aside. It appears from the papers presented to this court that it had jurisdiction because of the existence of assets in this state which it was necessary to preserve at the suit of a stockholder, who took the proceedings that he did looking to that end.

The order should be affirmed, with $10 costs and disbursements. All concur.